**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | Case No. 15 C 11550 |
| v. | ) | |
| | ) | |
| JOHN RAINONE, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On December 21, 2015, pro se Petitioner John Rainone filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the Court denies Petitioner's § 2255 motion and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).[1]

**PROCEDURAL BACKGROUND**

On May 18, 2011, a federal grand jury returned an indictment charging Petitioner and his co-defendants with conspiracy and multiple substantive counts related to a credit card fraud scheme. In particular, the indictment charged Petitioner with conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2) (Count One); device fraud in violation of 18 U.S.C. § 1029(a)(2) (Count Two); possession of device-making equipment with the intent to defraud in violation of 18 U.S.C. § 1029(a)(4) (Count Four); and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (Count Five). On September 17, 2014, Petitioner entered

---

[1] Petitioner's reply brief in support of his motion to vacate, set aside, or correct his sentence was due on or before February 19, 2016. To date, Petitioner has failed to file his reply brief.

into a blind plea of guilty as to Counts Two and Five of the indictment. On April, 14, 2015, the Court sentenced Petitioner to a total of 38 months in prison, three years of supervised release, and restitution in the amount of $213,959.46. Petitioner did not appeal his conviction or sentence, but instead filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## LEGAL STANDARD

"Relief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States,* 723 F.3d 870, 878-79 (7th Cir. 2013). In other words, under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack." *Torzala v. United States,* 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). Accordingly, a § 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States,* 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (relief under 2255 "will not be allowed to do service for an appeal"); *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) ("A § 2255 petition is 'not a substitute for a direct appeal.'") (citation omitted). If a Section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from the court's collateral review unless the petitioner can demonstrate cause for the procedural default and actual prejudice from the failure to appeal, *see Sandoval v. United States,* 574 F.3d 847, 850-51 (7th Cir. 2009), or that enforcing the procedural default would lead to a

"fundamental miscarriage of justice." *Fleming,* 676 F.3d at 625. Nevertheless, because claims of ineffective assistance of counsel often involve evidence outside of the trial record, such claims may be brought for the first time in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *United States v. Flores,* 739 F.3d 337, 341 (7th Cir. 2014).

## ANALYSIS

### I. Loss Amount under 18 U.S.C. § 3663A

Construing his pro se § 2255 motion liberally, *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015), Petitioner argues that the Court erred in calculating restitution in the amount of $213,959.46 pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Because Petitioner did not file a direct criminal appeal, he has procedurally defaulted this claim. Thus, unless Petitioner can show cause and prejudice, or that a fundamental miscarriage of justice will occur if the Court does not address this claim, he is barred from bringing this claim in the present § 2255 motion for collateral review. *See Fleming,* 676 F.3d at 625; *Sandoval,* 574 F.3d at 850-51.

Assuming, arguendo, that Petitioner has overcome the procedural default of his claim, it fails on the merits. More specifically, despite Petitioner's argument that the Court had insufficient evidence on which to base the loss calculation, the Court properly relied upon the information in the pre-sentence investigation report ("PSR"), which was corroborated by the Secret Service Special Agent. *See United States v. Garrett,* 757 F.3d 560, 572 (7th Cir. 2014) ("district court may rely on factual information contained in a PSR so long as it bears sufficient indicia of reliability"). Here, the PSR calculated the loss as $213,959.00, which reflects the total

3

amount of the fraudulent retail purchases Petitioner and his co-defendants made.

Moreover, once a district court bases its sentencing finding on sufficiently reliable information in a PSR, the burden is on the defendant to show that the information is unreliable or inaccurate. *See United States v. Littrice,* 666 F.3d 1053, 1063 (7th Cir. 2012). At his change of plea hearing, Petitioner admitted to the loss figure of $213,959.00 and did not object to the entry of a preliminary order of forfeiture seeking to forfeit approximately $213,959.00. (R. 228, 229.) In addition, Petitioner did not object to the PSR's loss figure in his sentencing memorandum or at his sentencing hearing. Accordingly, Petitioner cannot meet his burden in establishing that information in his PSR was unreliable or inaccurate, especially in light of the fact that he never contested the loss figure in the first instance. As such, Petitioner's § 2255 claim is without merit, and the Court denies his motion to vacate, set aside, or correct his sentence.

## II.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Therefore, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present Memorandum, Opinion, and Order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have the absolute right to appeal a district court's denial of his § 2255 motion, instead, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial

showing of the denial of a constitutional right. *See id.* at 336; *White v. United States,* 745 F.3d 834, 835 (7th Cir. 2014). Under this standard, Petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Because Petitioner did not contest the loss amount under 18 U.S.C. § 3663A in the first instance, he has failed to establish that reasonable jurists would debate that the Court should have resolved his claim in a different manner. The Court therefore declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

The Court denies Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** March 1, 2016

                                                      **ENTERED**

                                                      **AMY J. ST. EVE**
**United States District Court Judge**